IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kevin Kearse | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | No.: |
| | : | |
| v. | : | |
| | : | |
| Coca Cola Refreshments USA | : | |
| | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

COMPLAINT

1. This action has been initiated by Mr. Kevin Kearse (hereinafter referred to as "Plaintiff," or "Kearse" unless indicated otherwise) for violations of the Family and Medical Leave Act ("FMLA"). Plaintiff suffered from serious health problems and was the subject of discrimination when his employment with Defendant was terminated surrounding his FMLA protected absences/leave.

JURISDICTION AND VENUE:

2. This Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States (the FMLA) and seeks redress for violations of civil rights.

3. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and

substantial justice, satisfying the standard set forth by the Supreme Court of the United States in <u>International Shoe Co. v. Washington,</u> 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because Defendant is located in and conducts substantial, systematic and continuous activity in this district and a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual residing at 6215 Erdrick Street, Philadelphia, PA 19135.

7. At all times relevant hereto, Defendant, Coca-Cola Refreshments USA, (hereinafter referred to as "Coke" or "Defendant"), was and is a corporation or a limited liability company organized and existing under the law of the Commonwealth of Pennsylvania of the United States or one of its territories and possessions, or an unincorporated association, or a joint venture, partnership, with corporate headquarters at 2500 Winding Ridge Parkway, Atlanta, Georgia 30339, with a local facility at 725 E. Erie Avenue, Philadelphia, Pennsylvania 19134 which is within the Eastern District of Pennsylvania..

8. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the

course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

9. The foregoing paragraphs are fully incorporated herein as though set forth at length.

10. On July 6, 2013, Defendant hired Plaintiff as a Merchandiser.

11. Plaintiff performed his job satisfactorily.

12. In or about March 2014, Plaintiff was diagnosed with Diabetes.

13. In or about, March 2014, Plaintiff informed his supervisor, Mr. Donald Hordge, that Plaintiff was diagnosed with diabetes and that Plaintiff would require continuing medical treatment and medical leave.

14. Thereafter, Plaintiff had a surgical procedure done relating to his prostate which procedure was performed to medically evaluate and assess symptoms of Plaintiff's diabetes.

15. Plaintiff informed Mr. Hordges of the medical procedure and his associated absence/leave from work. Upon Plaintiff's return to work, Plaintiff provided Mr. Hordges medical documentation regarding his absence/leave.

16. In 2014, Plaintiff averaged approximately 3-4 medical/doctor's appointments per month. Plaintiff would take leave from work to attend a majority of the appointments.

17. Between January 1, 2015 and July 14, 2015, Plaintiff averaged approximately 1-2 medical/doctor's appointments per month. Plaintiff would take leave

from work to attend a majority of the appointments.

18. All of Plaintiff's doctor's visits/medical appointments related to- or were for treatment of Plaintiff's diabetes.

19. Plaintiff advised his supervisors of all diabetes-related absences/leave. Specifically, over the course of his employment with Defendant, Plaintiff advised Mr. Donald Hordge, Supervisor; Mr. Matthew McFarland, Supervisor; Mr. Khalil Salaam, Supervisor; and Mr. Terrence Scalon, Supervisor of his need and/or continuous need for diabetes-related medical leave/treatment and provided Defendant, via its supervisors, with medical documentation upon his return from medical leave.

20. Plaintiff suffered from a chronic serious health condition and required multiple treatments.

21. On or about May 8, 2015, Plaintiff was transferred from the merchandising department to the warehouse department.

22. Defendant employed a Probation Policy ("Policy") which prohibited Plaintiff from missing work for 90 days.

23. On June 28, 2015, Plaintiff was scheduled to work but suffered a sudden, serious, severe, and unexpected fatigue and weakness which was a natural consequence of his diabetes. Accordingly, Plaintiff called in to advise Defendant, via its supervisor, that Plaintiff could not report to work that day due to his diabetes- citing his fatigue and that he felt very weak.

24. On or about June 28, 2015, Plaintiff sought medical treatment wherein his physician advised that Plaintiff was suffering complications from diabetes resulting in

fatigue and weakness. Plaintiff's physician prescribed rest and a return to work on July 1, 2015.

25. On June 29, 2015, Plaintiff was scheduled to work but could not overcome the debilitating nature of his disease. As a result, Plaintiff called in to advise Defendant, via its supervisor, that Plaintiff, due to failing health/diabetes, could not report to work that day.

26. On June 30, 2015, Plaintiff was scheduled to work but again could not overcome the debilitating nature of his disease and was feeling no better. As a result, Plaintiff called in to advise Defendant, via its supervisor, that Plaintiff could not report to work that day due to his diabetes and the associated fatigue.

27. On July 1, 2015, Plaintiff reported to work and supplied Defendant, via Mr. Scalon, with medical documentation covering his medical leave from June 28 through June 30, 2015.

28. On July 14, 2015, Defendant terminated Plaintiff's employment citing Plaintiff's medical leave/absences on June 28 through June 30, 2015. Specifically, Mr. Scalon called Plaintiff into a meeting and advised Plaintiff that Plaintiff violated the 90-day probation policy and Plaintiff was not permitted to be absent from work for any reason.

29. During this same meeting, Plaintiff advised Mr. Scalon that Plaintiff suffered from diabetes, Plaintiff sought medical treatment on June 28-30[th]; and that Plaintiff supplied Defendant with a medical documentation.

30. Defendant knew of: Plaintiff's diabetes; Plaintiff's continued medical

treatment for his diabetes; and other absences/medical leave Plaintiff had taken to towards the treatment of his diabetes.

31. Plaintiff, despite notifying Defendant that he (1) was seriously ill and could not report to work; (2) went to seek medical treatment; (3) could not report to work for three days; and (4) that he required follow-up treatment with his physician regarding a disease with which he continued to struggle; Plaintiff was never informed of his rights pursuant to the FMLA.

32. Despite the fact that Plaintiff requested, what should have been regarded as protected leave, he was never notified of his entitlements under FMLA and was terminated surrounding the protected leave.

First Cause of Action
Violations of the Family and Medical Leave Act ("FMLA)
- Interference -

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Plaintiff worked for Defendant for approximately 2 years.

35. Defendant is engaged in a business that affects interstate commerce.

36. Plaintiff worked for Defendant for at least 1,250 hours in the year preceding June 28, 2015.

37. At all relevant times, Defendant employed at least 50 employees within 75 miles of Plaintiff's work location for at least 20 calendar weeks.

38. Prior to June 28, 2015, Plaintiff had never taken FMLA leave or availed

himself of its entitlements.

39. On June 28, 2015, Plaintiff was eligible for FMLA benefits.

40. From June 28, 2015 through June 30, 2015, Plaintiff missed work due to serious medical conditions/medical reasons.

41. Defendant was aware that Plaintiff missed time from work between June 28, 2015 through June 30, 2015 due to his serious medical conditions.

42. Defendant failed to affirmatively offer and/or characterize Plaintiff's time off from work for medical reasons as FMLA qualifying or to provide him with individualized notifications of his rights under the FMLA.

43. Defendant did not provide Plaintiff with his notice of Eligibility of FMLA rights surrounding his absences/leave from June 28 through June 30, 2015.

44. Defendant did not provide Plaintiff with individualized Rights and Responsibilities notice concerning his medical leave from June 28, 2015 through June 30, 2015.

45. Defendant did not provide Plaintiff with individualized FMLA Designation notice concerning his medical leave from June 28, 2015 through June 30, 2015.

46. Defendant's failure to notify Plaintiff of his entitlement under the FMLA violates the FMLA, which required Defendant to inform Plaintiff of his rights to FMLA so he could make an informed decision about taking FMLA Leave.

47. Plaintiff was denied the opportunity to structure his leave as permitted by the FMLA.

48. Defendant's violation of the FMLA interfered with Plaintiff's rights to entitlements under the FMLA.

49. Plaintiff was terminated because of his protected leave and/or for exercising and/or attempting to exercise his rights under the FMLA.

50. Defendant's actions, including but not limited to terminating Plaintiff for exercising his FMLA rights; for counting FMLA-qualifying absences against him in the decision to terminate him; for not following notification provisions; for failing to restore Plaintiff to an equivalent pre-leave status/position, with all privileges, pay, terms conditions and benefits; for not designating time as FMLA qualifying properly all constitute interference violations of the FMLA.

51. Defendant's violation of the FMLA was willful because it refused to check and ensure its compliance with the FMLA.

52. Defendant's violation of the FMLA was willful because it knowingly ignored its obligations under the FMLA.

53. **WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay

increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

    C.    Plaintiff is to be awarded actual damages, compensatory damages, consequential damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions, as permitted by applicable law;

    D.    Plaintiff is to be awarded liquidated and/or punitive damages to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future (as permitted under applicable claims/laws);

    E.    Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

    F.    Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law.

## JURY DEMAND

Plaintiff demands trial by jury.

ABARA LAW FIRM, PLLC.

By: _____

OBINNA I. ABARA, ESQUIRE
Attorney I.D. No.:   204964
1950 Butler Pike,  # 255
Conshohocken, PA 19428
(215) 360-3260
*Attorney for Plaintiff*

Date: July 13, 2017

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

_7-13-17_
Date

_Kevin Kearse_
KEVIN KEARSE, PLAINTIFF